ALVIE FREDERICK et al., Appellees, v. HENRY FREDERICK et al., Appellants.

**SPECIFIC PERFORMANCE:** Oral Contract With Possession and Part
1 Payment. An oral contract for the purchase of real estate, followed by possession and part payment by the purchaser, is specifically enforcible. Evidence held sufficient to show the contract and possession and payment thereunder.

**LIMITATION OF ACTIONS:** Specific Performance of Oral Contract
2 For Realty. An action for specific performance of an *oral* contract for the purchase of realty (under which possession was taken and part payment was made) is an action ''for the recovery of real property.''

**APPEAL AND ERROR:** Reservation of Grounds—Waiver. A wife,
3 defendant in an action against her husband for specific performance of a contract for the conveyance of real estate, may not raise the point for the first time on appeal that she had never agreed to the contract.

*Appeal from Wapello District Court.*—C. W. VERMILION, Judge.

APRIL 5, 1921.

SUIT for specific performance of an oral contract to convey real estate. The defenses were a general denial, the statute of frauds, and the statute of limitations. There was a decree for the plaintiff, and the defendants appeal.—*Affirmed.*

*W. W. Epps* and *Roberts & Webber,* for appellants.

*Heindell & Hunt,* for appellees.

EVANS, C. J.—I. The suit was begun in his lifetime by Alvie Frederick, who died pending the suit. His death being

suggested, his widow, Clara Frederick, was substituted as plain-

1. SPECIFIC PER-
FORMANCE:
oral contract with
possession and
part payment.

tiff. Alvie died testate, without heirs, and leav-
ing his wife as sole beneficiary of his will. The
defendant Henry Frederick was the brother of
Alvie. The contract sued on had its inception in
the year 1910, when both brothers lived in Nebraska. Henry
was married, and Alvie was not. Alvie made his home in the
family of Henry. They had a mutual desire to acquire some
farm land in Iowa, where one of their brothers lived. Henry
had some means which he could apply upon the purchase of land.
Alvie had none at that time. Henry came to Wapello County
and bought the Derby farm of 280 acres, at $65 per acre. The
contract was performed the March following. Henry paid $2,500
of the purchase price, and gave a mortgage upon the farm for
the balance of the purchase money, for $18,500. The farm con-
sisted of the north one half of a certain Section 28, except the
southwest quarter of the northwest quarter. The brothers went
into possession in March, 1911. Alvie lived as before in the
family of Henry, and paid his board. For the purpose of work-
ing the farm, Alvie went into possession of the south 120 acres
of the northeast quarter, which did not include the house or any
of the buildings. Henry went into possession of the rest of the
farm. Later, Alvie's possession was reduced to the south 100
acres of such northeast quarter section. This is the description
of the land which he now claims in this suit. He continued in
such possession, as claimed, until his death, in October, 1918. The
illness from which his death resulted began in 1917. He was
married on March 14, 1917. After his illness began, in 1917, he
did not personally do any labor upon the place. His wife, how-
ever, is claimed to have taken charge of the land, and to have
caused the tilling thereof to be done by others. It is claimed
for the plaintiff that Alvie paid to Henry every year 6 per cent
on $6,500 as the alleged purchase price of the land, and, in addi-
tion thereto, that he paid the taxes on such 100 acres. It is
further claimed that, in March, 1914, he paid to Henry the sum
of $250 of the purchase price.

It does appear from the evidence on both sides that Alvie
did pay to Henry $390 each year, and that he did further pay
to Henry the proportionate amount of the taxes accruing upon

the farm as a whole. It also appears in like manner that he did, on or about March, 1914, pay to Henry the sum of $250. The avoidance of the effect of these facts claimed by Henry is that the annual payments made by Alvie to him were made as *rent*, and not otherwise; that the exact amount of such rent was fixed at 6 per cent on the purchase price, plus taxes; that the payment of $250 to Henry was made as a *loan*, and not as a part of the purchase price. It does appear, also, that, after the payment of the $250, the annual payments made by Alvie thereafter were reduced by $15. Whether such reduction was made because of the payment of $250 on the purchase price, or whether it was made as an offset against the rent, because of interest due Alvie from Henry for the loan of $250, is in dispute. The $250 was paid to Henry by check. No note for the amount was delivered by Henry to Alvie, but it is claimed by the defendant that a note was offered. The foregoing are the more definite and salient facts in the case. In support of the claim that the $250 check was a payment upon the purchase price, and that Alvie was at all times in possession of the land as owner, subject to the payment of the purchase price, much circumstantial evidence was introduced by plaintiff, including many admissions on the part of Henry. Several of the admissions, if made, were very significant. While, ordinarily, evidence of mere admissions by the adverse party will be scrutinized closely, if not skeptically, yet such rule has little application here. Henry, though a witness in the case, and called several times to the witness chair, denied none of the material admissions which had been testified to by plaintiff's witnesses.

The case, on its larger merits, is essentially a fact case. It would not be practicable to discuss the details of the evidence, within the appropriate limits of an opinion. The foregoing indicates its general nature. We have read the evidence carefully, and are satisfied with the conclusion of the trial judge as to the facts of the case.

II. The defendants pleaded the statute of frauds. Inasmuch as we find the fact to be that Alvie held the possession of the land in controversy from the beginning, and that he did make a partial payment of $250 on the purchase price, this eliminates the statute of frauds.

III. The defendants also pleaded the statute of limitations. This pleading was filed by defendants in the course of the trial. It is based upon the fact that the suit was for the enforcement of an unwritten contract, and that the cause of action thereunder had accrued more than five years before the commencement of the action. We think the action was one brought for the recovery of real property, within the meaning of Subdivision 7 of Section 3447 of the Code. The plea of limitation is, therefore, not well taken.

2. LIMITATION OF ACTIONS: specific performance of oral contract for realty.

IV. It is urged by appellants in argument that there was no evidence that Anna Frederick had ever agreed to this contract. Disregarding for the moment the fact that this contract had its inception before the acquisition of the land by Henry, and that the possession of Alvie was taken pursuant to such original agreement, we note that the point now urged in argument was not raised in any manner in the district court. The defendant Anna Frederick did file a general denial, and nothing more. It is urged that this was sufficient to put the plaintiff upon his proof, as against her. Granted. Plaintiff did not anywhere allege that the wife of Henry had any part in such contract. Granting further that the wife was not bound by the contract, nevertheless she had the right of election to join with her husband in the performance of it or to refuse to do so. If she elected to refuse, the plaintiff was entitled to withhold a pro rata part of the purchase price because of such refusal. It was incumbent, therefore, upon the wife, having been brought into court in a suit for specific performance, to disclose her election either to be bound to the extent, if any, to which her husband was bound, or to refuse to be bound to any extent. She did nothing of this kind. We find no suggestion in the record below of any claim by the defendant wife, repudiating the contract on such ground as against herself. Having failed to raise the question in any manner in the district court, she cannot now raise it on appeal.

3. APPEAL AND ERROR: reservation of grounds: waiver.

On the whole record, we fail to find any proper ground for reversing the decree of the trial court. It is, accordingly,— *Affirmed.*

WEAVER, PRESTON, and DE GRAFF, JJ., concur.